62 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Georgina SANCHEZ-MORA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70706.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 16, 1995.*
Decided Aug. 2, 1995.
 
 Before: HUG, FARRIS, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner, Georgina Sanchez-Mora, a Nicaraguan citizen, timely appealed a Board of Immigration Appeals ("BIA") ruling affirming a decision of the immigration judge denying her applications for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. Sec. 1105(a), and we deny the petition for review.
 
 
 3
 Sanchez-Mora maintains that she was persecuted in Nicaragua from 1979 through 1985 because she and her family supported the Somoza government. In 1985, Sandinistas came to her home looking for her. When she was not there, the Sandinistas took her brother instead, and accused him of keeping weapons. Sanchez-Mora went to the police, and obtained his release after she submitted to three hours of questioning.
 
 
 4
 At that point, Sanchez-Mora decided to leave the country. Her family, including her two children, remained in Nicaragua. Sanchez-Mora entered the United States without inspection on January 26, 1986. Since that time, she has spoken occasionally with her mother by phone. No harm has occurred to her family since her departure.
 
 
 5
 The immigration judge found Sanchez-Mora's testimony to be credible, but held that she failed to establish why a reasonable person in her situation would fear persecution at the hands of the Sandinista government. The BIA affirmed, concluding that Sanchez-Mora had not shown past persecution and failed to establish that a reasonable person in her circumstances would fear persecution.
 
 
 6
 We review a decision whether to grant asylum for abuse of discretion. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We reverse the BIA's determination only if the evidence was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed. Id.
 
 
 7
 Sanchez-Mora fails to establish abuse of discretion. To establish eligibility for asylum, an applicant must demonstrate both objective and subjective fear. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). Sanchez-Mora has satisfied the subjective component, because the immigration judge found her testimony to be credible. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1257 (9th Cir.1992). However, Sanchez-Mora fails to satisfy the objective component of the test which requires specific evidence of facts supporting a reasonable fear of persecution. Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam); see also Acewicz v. U.S. INS, 984 F.2d 1056 (9th Cir.1993).
 
 
 8
 Sanchez-Mora alleges that she was "interrogated" by the Sandinistas. The record demonstrates that on one occasion, when she went to the police station of her own volition, she was questioned for several hours and released. She does not allege any physical harm at the hands of the Sandinistas. Further, nothing has happened to Sanchez-Mora's family in the nine years since her departure from Nicaragua.
 
 
 9
 The well-founded fear of persecution standard for asylum is less stringent than the clear probability standard for withholding of deportation. Diaz-Escobar v. INS, 782 F.2d 1488, 1492 (9th Cir.1986). Sanchez-Mora failed to show a well-founded fear of persecution. She does not qualify for withholding of deportation.
 
 
 10
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3